# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| BRIAN BURNSIDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  10-cv-1305 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# O P I N I O N  &  O R D E R

This matter is now before the Court on Petitioner Brian Burnside's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (RII.1).[1] For the reasons set forth below, Burnside's Motion is DENIED.

## PROCEDURAL HISTORY

Petitioner was charged in a criminal complaint on September 12, 2007 with the offense of Possession with Intent to Distribute more than 50 grams of Cocaine Base (crack). (RI.1). His initial appearance was before United States Magistrate Judge Gorman on September 13, 2007. (RI. d/e 9/13/07). During this appearance, Petitioner was advised by Judge Gorman that he would receive a mandatory sentence of life imprisonment if (1) he was convicted of the charged offense and (2) Petitioner had two or more prior felony convictions. (RI.7-1 at 1). Petitioner acknowledged that he understood this. (RI.7-1 at 1).

---

[1] References to documents in the record of Case No. 07-cr-10110 are to "RI_"; references to documents in the record of Case No. 10-cv-1305 are to "RII_".

An indictment charging the same offense was returned on September 19, 2007. (RI.8). On September 25, 2007 the United States filed a Notice of Intent to Use Evidence of Prior Convictions, in which Petitioner was notified that the United States would seek an enhanced sentence pursuant to 21 U.S.C. § 851 on account of Petitioner having a history of numerous felony drug convictions. (RI.10).

Petitioner filed a Motion to Quash Arrest and Suppress Evidence and a Motion to Quash Search Warrant on April 21, 2008. (RI.26, RI.27, RI.29). This Court heard the motions to quash on June 11 and June 19, 2008. (RI. d/e 6/11/08, RI. d/e 6/19/08). By written Order dated July 1, 2008 this Court denied the motions. (RI.41).

Petitioner entered a plea of guilty without a plea agreement on July 30, 2008. (RI. d/e 7/30/08). At the plea hearing, Petitioner reserved for appeal the adverse decisions rendered on his motions to quash. (RI.43). On December 2, 2008 Petitioner was sentenced to life imprisonment. (RI. d/e 12/2/08). This Court entered judgment on December 4, 2008. (RI.52).

Petitioner took a direct appeal in which he challenged the denial of his motions to quash and the voluntariness of his plea of guilty. His conviction was affirmed on December 4, 2009. *United States v. Burnside*, 588 F.3d 511 (7th Cir. 2009).

Petitioner filed the instant § 2255 motion on October 4, 2010. He asserts four claims, which are as follows: (1) his plea of guilty was involuntary; (2) his trial

counsel was ineffective; (3) his enhanced sentence was improper; and (4) his appellate counsel was ineffective. (RII.1, RII.3).

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 469, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v.*

3

*United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. Absent a sufficient showing of both error and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991).

When a petitioner claims ineffective assistance by appellate counsel the court looks at the issues available to counsel and decides whether the best of them represented the same kind of strategic choice permitted for trial counsel. "An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised." *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004). The court then asks whether raising the issue would have made no difference in the appeal. *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000).

## ANALYSIS

Subject to the foregoing standards, the Court will proceed to analyze each of Petitioner's claims.

**I. Petitioner's claim that his plea of guilty was involuntary**

Petitioner claims that his guilty plea was constitutionally infirm because he was not "informed that he could face a mandatory minimum of life imprisonment because of his prior drug convictions until the day of the change of plea hearing." (RII.3 at 3). The Court concludes that this argument is frivolous and made in bad faith. The record clearly indicates that Petitioner was informed at his arraignment that he would receive life imprisonment if he had two or more prior felony drug convictions. (RII.7-1 at 1). Immediately following this discussion between Judge Gorman and Petitioner, the government informed Judge Gorman, in Petitioner's presence, that it appeared that Petitioner had the requisite felony drug convictions to support a mandatory minimum sentence of life imprisonment if convicted. (RII.7-1 at 2). Later that same month, following Petitioner's indictment, the government filed a "Notice of Intent to Use Evidence of Prior Convictions" against Petitioner. (RI.10). In light of the fact that Petitioner was informed on multiple occasions that he faced a mandatory minimum of life imprisonment if convicted, his claim that his guilty plea was involuntary because he was unaware that he faced life imprisonment if convicted is without merit.

## II. Petitioner's Ineffective Assistance of Trial Counsel Claim

Petitioner claims that his trial counsel was ineffective for failing to request a "*Franks*[2] Hearing," and by forcing him to accept the plea. Turning first to the *Franks* hearing; again, this claim is frivolous and made in bad faith. It is clear from the record that Petitioner's counsel orally argued a *Franks* motion and the Court found it to have no merit. (RI.41 at 8-13). Consequently, Petitioner may not relitigate this issue here and his ineffective assistance claim based on these grounds fails. Turning next to Petitioner's contention that his counsel was ineffective because counsel forced him to make/accept a guilty plea; Petitioner was lawfully arrested with drugs on his person. A valid search of his residence disclosed large quantities of drugs, cash, and a handgun. The motion to suppress was his defense. When it was denied, Petitioner had no viable defense. His counsel was certainly acting reasonably to encourage Petitioner to consider a plea of guilty after the motions to suppress were denied. However, there is no evidence to suggest that counsel *forced* Petitioner to plead guilty. In open court, Petitioner denied that any force or threats had induced his plea. (Plea Tr. at 15). Also, Petitioner later specifically denied that his counsel was forcing him to plead guilty. He confirmed that, although his counsel had given his judgment as to what to do, he was free to do what he (Petitioner) wanted to do. (Plea Tr. at 20). Here, Petitioner's sworn statements are afforded a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1973); *See also, United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can

---

[2] *See Franks v. Delaware*, 438 U.S. 154 (1978).

succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction.") Here, Petitioner's allegations of force are insufficient to overcome the presumption afforded to his sworn testimony at the plea. Consequently, Petitioner's claims that his trial counsel was ineffective are without merit.

**III. Petitioner's Claim that this Court did not have Authority to Enhance his Sentence because the Government didn't Properly Notify him Pursuant to 21 U.S.C. § 851.**

Yet again, Petitioner's claim here is frivolous and made in bad faith. On September 25, 2007, the government filed a Notice of Intent to Use Evidence of Prior Convictions. (RI.10). That pleading gave notice that the government would "seek an enhancement of the defendant's sentence under 21 U.S.C. § 851" for his multiple felony drug convictions. Prior to this, Petitioner was informed in open court that the government might seek an enhanced sentence pursuant to 21 U.S.C. § 851. (RII.7-1 at 1-2). It is not clear to the Court what additional notice Petitioner could possibly have desired. Regardless, it is clear that Petitioner was properly notified that he faced a sentencing enhancement.[3]

---

[3] Petitioner also alleges that his sentence was improper in light of the Fair Sentencing Act of 2010. However, the Fair Sentencing Act is not applicable to him because it is not retroactive and he was sentenced in December 2008. *See United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010).

### IV. Petitioner's Ineffective Assistance of Appellate Counsel Claim

Finally, Petitioner alleges that his appellate counsel was ineffective for failing to raise the issue that his sentence was improperly enhanced. However, Petitioner's prison term is within the properly calculated guidelines range and thus is presumptively reasonable. *United States v. Webster*, 628 F.3d 343, 346 (7th Cir. 2010). Petitioner has not identified a basis for setting aside that presumption, nor has this Court. Consequently, Petitioner's claim that his appellate counsel was ineffective for failing to pursue such frivolous argument is without merit.

### CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-

38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Burnside's petition fails to establish adequate grounds for relief under Section 2255. For the reasons mentioned, *supra*, it is beyond dispute that Petitioner's claims are frivolous and devoid of merit. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (RII.1) is DENIED, and the Court DECLINES to issue a certificate of appealability. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 8th day of August, 2011.

                                                                s/ Joe B. McDade
                                                                JOE BILLY McDADE
                                                           United States Senior District Judge