E-FILED
Friday, 15 March, 2013  01:12:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIAN L. BURNSIDE,                )<br>                                                  )<br>  Petitioner,                          )<br>                                                  )<br>  v.                                           )<br>                                                  )<br>  UNITED STATES OF AMERICA,  )<br>                                                  )<br>  Respondent.                        ) | Case No.   10-cv-1305 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. 16). Petitioner seeks reconsideration of the Opinion & Order (Doc. 8) denying his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Court denied Petitioner's § 2255 Motion by written order on August 8, 2011. (Doc. 8). Judgment was entered on August 10, 2011. (Doc. 9). Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). On June 4, 2012, almost a year after judgment was entered, Petitioner moved for leave to file an untimely 59(e) motion. (Doc. 13). This motion was denied, noting that under Rule 6(b)(2), the Court "must not extend the time to act" under Rule 59(e). (Text Order dated Sept. 24, 2012). Petitioner filed his 59(e) motion for reconsideration anyway on October 9, 2012. (Doc. 16).

As Petitioner was already informed by the Court, the deadline for filing a motion for reconsideration pursuant to Rule 59(e) has long since passed. Contrary to

Petitioner's argument, the time for filing a motion under Rule 59(e) begins on the date of "entry of judgment" not on the date the Petitioner learned of the entry of judgment. It is Petitioner's responsibility to keep the Court apprised of his address. This Court does not have the ability to extend the time to file such a motion, regardless of the reason for delay. *See* Fed. R. Civ. P. 6(b)(2).

Even giving Petitioner the benefit of every doubt, treating his Motion as a timely motion for relief from judgment pursuant to Rule 60(b), it would be dismissed. Petitioner's Motion reiterates his assertions that his conviction and sentence were illegal. Thus, it would properly be characterized as a successive postconviction claim because it "challenges the legality of his detention and seeks release." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). "[I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). A successive § 2255 motion must be certified by the Court of Appeals; otherwise, this Court does not have subject-matter jurisdiction. 28 U.S.C. § 2255(h). The only recourse available to Petitioner is to seek certification of his successive motion from the Court of Appeals.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. 16) is DENIED.

Entered this 15th day of March, 2013.

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                          United States Senior District Judge